## MIAMI JOCKEY CLUB v. UNION ASSURANCE SOCIETY, Limited.
### No. 2186–M–Civil.

District Court, S. D. Florida.

Nov. 13, 1935.

McKay, Dixon & De Jarnette and James Dixon, all of Miami, Fla., for plaintiff.

Evans, Mershon & Sawyer, Herbert S. Sawyer, and W. O. Mehrtens, all of Miami, Fla., for defendant.

RITTER, District Judge.

This is an action at law brought by Miami Jockey Club directly against the insurance company upon an insurance policy that the insurance company had issued to Rolfe Armored Truck Service, Inc. It was alleged in the declaration that a certain sum of money was lost in transit from the offices of the plaintiff in Dade county, Fla., to the First National Bank of Miami while in the custody of the assured. The defendant interposed a demurrer to plaintiff's declaration, which demurrer was overruled. The defendant then filed eight pleas and the plaintiff demurred to seven of them. Attorneys for the defendant then sought to visit that demurrer back upon the declaration.

After a careful examination of the declaration and the issues raised, I am of the opinion that the demurrer to the declaration should have been sustained, and now upon the demurrer to the pleas, the demurrer will be visited back upon the declaration. Richmond Trust Co. v. Charlotte County (D.C.) 300 F. 121.

The vital question in this case is whether the insurance policy is one upon property or legal liability. The plaintiff contends that it is a property policy, and the plaintiff, which had a contract for carriage with Rolfe Armored Truck Service, Inc., claims the right to sue the defendant, Union Assurance Society, Ltd., which issued a policy of insurance to Rolfe Armored Truck Service, Inc., a copy of which is set out in the declaration. The plaintiff claims that money turned over for transportation to Rolfe Armored Truck Service, Inc., was never delivered, and that inasmuch as the policy covers money, it has the right to sue the insurance company direct on that policy because the policy does insure Rolfe Armored Truck Service, Inc., "For Account of whom it may concern."

The defendant claims that the plaintiff has no cause of action because the policy is a liability policy existing between the defendant and Rolfe Armored Truck Service, Inc., for the sole protection of the assured, and that before plaintiff has any cause of action, it must establish liability for its loss as against the Rolfe Armored Truck Service, Inc., and that the defendant is liable to the Rolfe Armored Truck Service, Inc., and not to the plaintiff.

An examination of many authorities leads to the fundamental principle that the intention of the parties must be ascertained from the policy considered as

.a whole. The court has no power to enlarge. or restrict, by artificial construction of the policy, the liabilities and benefits thereunder. Intent is the meat of the policy, and when that can be gathered by reasonable construction of the provisions, the court need go no further.

The policy set forth in the declaration recites, in addition to the clause heretofore stated, "Loss, if any, payable to Assured or order." And the conditions of the same are: "5. It is the intent of this Policy to cover the legal liability of the Assured, whether as common or private carriers and whether assumed by contract or otherwise, for loss of or damage to property as described in paragraph one, from any cause whatsoever, including any act or omission of any employee of the Assured."

And referring back to paragraph **1**, we find the liability as follows:

"On Bullion, Gold, Silver and Platinum; Coin and Paper Money, * * * (all hereinafter referred to collectively as 'Property')."

"6. In case of loss, such loss to be paid within fifteen days after proof of loss and in case of loss or misfortune, it shall be lawful and necessary to and for the Assured to sue, labor and travel for, in and about the defense, safeguard and the recovery of the property without prejudice to this insurance at the expense of this Company; and upon payment of any loss under this Policy this Company shall be subrogated to that extent to the interest in the property lost with respect to which the claim against the Assured arises."

"7. The Company's liability to the Assured under this Policy, is limited to One Million ($1,000,000) Dollars * * *."

"9. It is understood and agreed that in the event it becomes necessary in case of emergency for the Assured to hire a taxicab, truck or other conveyance in order to complete a delivery of insured property, this Policy shall cover the latter whilst being transported in such conveyance, it being understood that the crew of the Assured's own car will be transferred to the hired vehicle."

I do not see how any other conclusion can be reached from a careful consideration of this policy than that it is a liability policy, that is, it covers as between the defendant and the Rolfe Armored Truck Service, Inc., the liability of the latter for loss or damage to the property in section 1 aforesaid, to any one having service arrangements with the said Rolfe Armored Truck Service, Inc.

The phrase, "To whom · it may concern," cannot be taken alone as giving the plaintiff the right to sue. It must be considered in reference to the whole policy. The cases, holding policies to be property policies under the aforesaid words, do not apply. in this case.

If the policy had had any reference to the owners of the property lost as being covered, it might be considered a property policy; but such reference or construction is not applicable to this policy. Lowery v. Connecticut Fire Ins. Co. (C.C.A.) 70 F.(2d) 324.

The declaration in this case fails to show it is within the terms of the policy and discloses a claim against the Rolfe Armored Truck Service, Inc., which has not been adjudicated. When it establishes liability, it may come within the coverage of the policy. It has not made the Rolfe Armored Truck Service, Inc., a party defendant in this case. It has no insurable interest in the policy which entitled it to sue.

I therefore overrule the demurrer to the pleas, which in effect holds that the declaration does not state a cause of action.